09-3449-ag
Tamang v. Holder

BIA
Romig, IJ
A099 686 806

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of June, two thousand ten.

PRESENT:
　　　　　JON O. NEWMAN,
　　　　　JOSÉ A. CABRANES,
　　　　　DEBRA ANN LIVINGSTON,
　　　　　　　　Circuit Judges.

_____

BIR BAHADUR TAMANG,
　　　　　Petitioner,

　　　　v.                                    09-3449-ag
                                             NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　　Respondent.

_____

FOR PETITIONER:　　　　Gary J. Yerman, New York, New York.

FOR RESPONDENT:　　　　Tony West, Assistant Attorney General;
　　　　　　　　　　　　Linda S. Wernery, Assistant Director;
　　　　　　　　　　　　Janice K. Redfern, Senior Litigation
　　　　　　　　　　　　Counsel, Office of Immigration
　　　　　　　　　　　　Litigation, United States Department
　　　　　　　　　　　　of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Bir Bahadur Tamang, a native and citizen of Nepal, seeks review of a July 21, 2009, order of the BIA affirming the September 25, 2007, decision of Immigration Judge ("IJ") Jeffrey L. Romig, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bir Bahadur Tamang*, No. A099 686 806 (B.I.A. July 21, 2009), *aff'g* No. A099 686 806 (Immig. Ct. N.Y. City Sept. 25, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse credibility determination. For asylum applications governed

by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

We defer to the IJ's finding that Tamang's non-responsive demeanor undermined his credibility. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005); *Shu Wen Sun v. Board of Immigration Appeals*, 510 F.3d 377, 380-81 (2d Cir. 2007). Additionally, the IJ reasonably based his adverse credibility determination on several inconsistencies between Tamang's testimony, his written application, and his supporting evidence. For example, the IJ noted that although Tamang testified that Maoists came to his house one night and threatened him, he failed to mention this visit in his asylum application, despite it being the only physical encounter he had with his alleged persecutors. Moreover, as the IJ observed, Tamang testified inconsistently concerning whether he went into hiding in Nepal and what ultimately prompted him to flee. Contrary to Tamang's argument, the IJ was not required to afford him an opportunity to reconcile this

discrepant testimony, because these inconsistencies were "self-evident." *See Majidi,* 430 F.3d at 81; *see also Xian Tuan Ye v. DHS*, 446 F.3d 289, 295-96 (2d Cir. 2006).

Although the IJ made additional findings, we need not address them because the discrepancies we have discussed provide ample support for his adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because Tamang's claims for asylum, withholding of removal, and CAT relief were all based on the same factual predicate, each of those claims necessarily fails. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-4-